UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL BRADLEY,<br><br>   *Petitioner,*<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>   *Respondent.* | Case No. 2:13-cv-01196-APG-GWF<br><br>**ORDER** |

  This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

  Petitioner has not named all required respondents, and petitioner further did not fully use the Court's required petition to state his grounds.

  Petitioner challenges his future custody under a Nevada state conviction or convictions while he is incarcerated on a federal conviction. The state sentencing runs consecutively to the federal sentencing. In that circumstance, Rule 2(b) of the Rules Governing Section 2254 Cases requires that "the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Here, petitioner named only the state attorney general as a respondent. He instead must name both his current federal custodian and the state attorney general as respondents.

  Further, under Local Rule LSR 3-1, petitioner must use the Court's required petition form – in its entirety – to state his grounds for relief – in their entirety. In Grounds 4 through 6, petitioner did not use the form. He instead presented entirely handwritten grounds on blank copy paper without also attaching for each separate ground the page from the form with responses to the exhaustion inquiries

1  for the ground. In order to include more than three grounds in a petition, petitioner must use a page
2  from a blank petition form, strike out the ground number (1, 2 or 3) and write in the applicable ground
3  number (4, etc.). He further must complete a page from the form responding to exhaustion inquiries
4  separately for each ground presented.

5  The Court will provide petitioner an opportunity to file an amended petition correcting these
6  deficiencies. If petitioner does not timely file an amended petition correcting the deficiencies identified
7  in this order, the action will be dismissed without further advance notice.

8  Petitioner further should note that neither the Court nor the Clerk respond to letter inquiries for
9  a status check. The Court has a heavy habeas docket, and matters are addressed as promptly as the
10 Court can address similar filings that have been pending for a longer period of time.

11 **IT THEREFORE IS ORDERED** that the Clerk of Court shall file the original petition and that
12 petitioner shall have **thirty (30) days** to mail to the Clerk for filing an amended petition correcting the
13 deficiencies identified in this order.

14 **IT FURTHER IS ORDERED**, pursuant to Local Rule LR 15-1, that any amended petition filed
15 must be complete in itself without reference to previously filed papers. Thus, the claims and allegations
16 that are stated in the amended petition will be the only matters remaining before the Court. Any claims
17 or allegations that are not alleged in the amended petition will not be before the Court.

18 **IT FURTHER IS ORDERED** that petitioner shall clearly title the amended petition as an
19 amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas
20 Corpus" on page 1 in the caption and shall place the docket number, **2:13-cv-01196-APG-GWF**, above
21 the word "AMENDED."

22 The Clerk of Court shall SEND petitioner two blank copies of a noncapital § 2254 petition form
23 together with one copy of the instructions for the form and one copy of the original petition.

24 Dated: May 2\_, 2014.

_____
ANDREW P. GORDON
United States District Judge

-2-