UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL BRADLEY,<br><br>              *Petitioner,*<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.,*<br><br>              *Respondents.* | Case No. 2:13-cv-01196-APG-GWF<br><br>**ORDER** |

      This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (Dkt. #8) for leave to file an amended petition with additional pages, for initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases, and in connection with a motion (Dkt. #9) to seal by petitioner. The filing fee has been paid.

      The Court will grant the motion to file additional pages and thus proceeds to initial review. Following review, the Court finds that consideration first of the threshold issue of the timeliness of the petition on a motion to dismiss by respondents would be appropriate.

      Petitioner Carl Bradley seeks to challenge his Nevada state conviction under two judgments of conviction, pursuant to guilty pleas. In state district court No. C244409, Bradley was convicted, pursuant to a plea, of battery with the use of a deadly weapon resulting in substantial bodily harm. In No. C244994, he was convicted of possession of a firearm by an ex-felon.

      On March 18, 2011, the Supreme Court of Nevada affirmed both convictions in a consolidated appeal, under Nos. 56533 and 56534 in that court. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on June 16, 2011.

1    After 157 days had passed, on November 21, 2011, petitioner filed a state post-conviction petition in No. C244409.[1] The state district court and state supreme court denied relief. The remittitur on the state post-conviction appeal in No. 60196 issued on November 5, 2012.

    After another 240 days had passed, on or about July 4, 2013, petitioner mailed the original federal petition to the Clerk of this Court for filing.

    It thus appears that the federal petition is untimely on its face, absent other tolling, delayed accrual or another basis for overcoming the one-year federal limitation period. Absent such circumstances, the limitation period expired on Monday, June 18, 2012, as to the conviction in No. C244994 and on Monday, June 3, 2013, as to the conviction in No. C244409.

    The Court finds that the most efficient manner to proceed would be to first address the untimeliness issue on a motion to dismiss filed by respondents directed to that issue alone and accompanied by adequate state court record exhibits.

    The filing of a motion to dismiss based on untimeliness in response to this order shall not constitute a waiver of any other defenses by respondents, as the Court is directing that the response be confined to that issue. Respondents, if they wish, may note the presence of other potential defenses in passing, without prejudice to pursuit of such defenses in later proceedings. However, the Court is directing that respondents address untimeliness and – solely within that context – petitioner's allegation of actual innocence. The Court in particular is not inclined to dismiss the petition in full or in part for any alleged other deficiency prior to instead first considering the untimeliness issue.[2]

---

[1] The state supreme court states the date as November 11, 2011, a holiday, in its order in No. 60196. However, the online docket record for the state district court instead reflects that the petition was filed on November 21, 2011.

[2] Petitioner currently is in federal custody, but the state sentences run consecutively to his federal sentence. Petitioner thus – subject to the untimeliness of the petition – appears to be proceeding properly against his federal custodian and the state attorney general to attack the future custody. See 1976 Advisory Committee Notes to then Rule 2(b) of the Rules Governing Section 2254 Cases.

Petitioner signed the declaration, but he did not also sign the line in the petition form that typically constitutes the signature line for the petition. However, petitioner did sign the preceding handwritten page which functioned as his prayer for relief. The Court finds that petitioner has sufficiently complied with the signature requirement under Rule 11, and it does not find that further proceedings or delay in that regard is warranted.

A challenge to two different convictions from the same court in a single petition is not prohibited by Rule 2(e).

In the motion (Dkt. #9) to seal, petitioner seeks to have both the record of this action and of the Court's ultimate decision on the petition sealed, with access limited to the state attorney general, the district attorney's office, the Court, and himself. He asserts that he has unspecified "safety and personal security concerns as relevant to the facts in his case." He maintains that he is "in fear for my life and it can bring me great bodily harm or injury." Nothing in the allegations of the amended petition standing alone would suggest that public access regarding this action would place petitioner at risk.

The Court will direct a response to the motion by respondents prior to ruling on the motion. The Court of course will take reasonable precautions if and as necessary so that access to the content of court filings will not endanger a litigant. There is, however, an established right of public access to court proceedings in the American judicial tradition, and there thus is a strong presumption in favor of public access to judicial records. *See, e.g., Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The better course on the showing made would be to rule on the motion following a full briefing cycle, including a response by respondents and reply by petitioner.

**IT THEREFORE IS ORDERED** that petitioner's motion (Dkt. #8) for leave to file an amended petition with additional pages is GRANTED. The Clerk shall file the amended petition and add the additional respondents named in the amended petition. However, the Court will not direct out-of-district Marshal service also on the federal custodian respondent unless and until such service is necessary either for jurisdiction or to effectuate an order.

**IT FURTHER IS ORDERED** that the Clerk shall effect informal electronic service of this order and the amended petition on the state attorney general in the customary manner and shall regenerate notices of electronic filing to her office of all prior filings herein.

**IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, respondents shall file a response to petitioner's motion (Dkt. #9) to seal, with petitioner's reply thereafter being due within **thirty (30) days** of service of the response.

**IT FURTHER IS ORDERED** that, within **sixty (60) days** of entry of this order, respondents shall file a response to the petition **directed only to the issue of timeliness, including petitioner's**

---

See 1976 Advisory Committee Notes to then Rule 2(d).

**claim of actual innocence as it pertains to the time-bar issue.** Respondents shall not be deemed to have waived any other defenses by filing the limited response directed by the Court.

**IT FURTHER IS ORDERED** that, with the above limited response, respondents shall file – and serve upon petitioner – copies of the extant state court record or other exhibits necessary to address the timeliness issue, including with respect to what the current state court record reflects with regard to factual guilt or innocence, including but not necessarily limited to, for the two state criminal cases:

 (a) the minutes from the justice court and state district court;
 (b) preliminary hearing transcripts, if previously transcribed;
 (c) the bindover and charging documents and any investigative documents attached therewith in a suit record reflecting the potential evidence in the State's case against petitioner;
 (d) any readily available discovery previously provided to the defense;
 (e) the written guilty plea agreements;
 (f) guilty plea colloquy transcripts, if previously transcribed;
 (g) sentencing transcripts, if previously transcribed;
 (h) the state court judgments of conviction;
 (i) the written state supreme court decision on direct appeal;
 (j) all petitions and/or motions seeking collateral review; and
 (k) all written state court decisions on such petitions and/or motions, together with any remittiturs filed.

**IT FURTHER IS ORDERED** that the exhibits shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibit(s) in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments. **A hard copy of the exhibits shall be sent – for this case – to the Clerk's Office in Reno.**

/ / /
/ / /

      **IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the response as to timeliness to file an opposition to any motion to dismiss filed. The deadline established by this order shall override any shorter deadline in a minute order issued pursuant to the *Klingele* decision.

      **IT IS FURTHER ORDERED** that, after respondents' counsel enters a notice of appearance, petitioner shall send a copy of each paper presented thereafter to the Court to the individual attorney listed in the notice of appearance and shall attach a certificate of such service to each such paper presented. Moreover, all requests for relief presented herein must be presented by motion rather than letter. Neither the Court nor the Clerk respond to or take action based upon letters.

Dated: *July 24, 2014.*

_____
ANDREW P. GORDON
United States District Judge