UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARL BRADLEY,<br><br>　　　　　Petitioner,<br>　v.<br>DWIGHT NEVEN, et al.,<br>　　　　　Respondents. | Case No. 2:13-cv-01196-RFB-GWF<br><br>ORDER |

This counseled habeas matter is before the Court on Respondents' motion to dismiss Petitioner Carl Bradley's Amended Petition. ECF No. 76. Petitioner opposed, and Respondents replied. ECF Nos. 86, 87.

## I.　**Procedural History and Background**

On February 12, 2009, Petitioner entered into a guilty plea that encompassed two separate state-court cases: Case No. 08C244409 (the "shooting case," as the parties refer to it) and Case No. 08C244994 (the "gun case"). Res. Exs. 11, 16.[1] In the "shooting case, the State charged Petitioner with one count of battery with a deadly weapon and one count of ex-felon in possession of a firearm. Res. Ex. 11. In the gun

---

[1] Exhibits to Respondents' first Motion to Dismiss (ECF No. 19) are found at ECF Nos. 20-21, 23-25 and shall be referred to as "Res. Ex." herein. Petitioner filed exhibits in support of his Amended Petition (ECF No. 68), which can be found at ECF Nos. 69, 82, 85. Petitioner's exhibits shall be referred to as "Pet. Ex." herein.

case, the State charged Petitioner with one count of ex-felon in possession of a firearm. Res. Ex. 16.

Pursuant to negotiations, the State agreed to dismiss the weapon possession count in the shooting case and to a sentence of two to five-years on the battery count. Res. Exs. 25, 26, 28. However, the State remained free to argue for an appropriate sentence on the gun case. *Id.* The parties further agreed that the State would be free to argue for any sentence in the shooting case if Petitioner committed any new offenses between the entry of his plea and his sentencing. Res. Ex. 25, pp. 2-3. At the time Petitioner entered his plea, the state court informed him of the maximum penalties he faced in each case and reminded him that the State would not be bound by the terms of the guilty plea agreement if Petitioner failed to go to Parole and Probation or failed to appear for sentencing. Res. Ex. 28, pp. 9-10.

While out on bail and prior to sentencing in the aforementioned cases, Petitioner was charged with attempted sexual assault and open and gross lewdness in connection with events that occurred on April 8, 2009—thus, after Petitioner entered into the guilty plea agreement for the two-state court cases. Res. Ex. 43, pp. 6-8; 44, pp. 5-7; 74, p. 6, n.5; 78. Petitioner entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) to coercion in that case. Res. Ex. 44, pp. 5-7.

At the April 23, 2009 sentencing hearing on the shooting and gun cases, Petitioner's counsel informed the state court that Petitioner was in federal custody for bank robbery charges. Pet. Ex. 2. Those charges related to an incident that pre-dated his guilty plea in the shooting and gun cases. ECF No. 68; *see also* Res. Ex. 44, pp. 6-7, 9-10). Petitioner was sentenced to 110 months on the federal case. *Id.*

2

The sentencing for the shooting and gun cases finally took place on July 20, 2010. Res. Ex. 44. The State argued that a harsher sentence than the previously negotiated two-to-five-year term was warranted in the shooting case based on the new coercion conviction. *Id.* at 5-7, 12-15. The state court imposed the maximum possible sentences—a term of 60 to 150 months in the shooting case, consecutive to Petitioner's federal sentence, and a term of 12 to 36 months in the gun case, concurrent to the shooting case. *Id.* at 15.

Petitioner appealed in both cases. The Nevada Supreme Court consolidated the two cases and affirmed his convictions on March 18, 2011. Res. Ex. 78. Remittitur issued on April 13, 2011. Res. Ex. 79. On November 21, 2011, Petitioner filed a state post-conviction petition for writ of habeas corpus challenging the judgment of conviction in the shooting case only. Res. Ex. 82. The Nevada Supreme Court affirmed the state court's denial of the petition on October 8, 2012, and remittitur issued on November 5, 2012. Res. Exs. 105, 106. Petitioner dispatched his federal petition for writ of habeas corpus on July 4, 2013. ECF No. 7. This Court ultimately appointed counsel, and Petitioner filed his Amended Petition on August 28, 2017. ECF Nos. 33, 68. Respondents now move to dismiss the Amended Petition as untimely. ECF No. 76.

**II.     Legal Standards & Analysis**

**A. AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation runs from the date on which a Petitioner's judgment became final by conclusion of direct review or from the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

3

Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

### B. Federal Petition is Untimely

Petitioner challenges the judgment of conviction in the shooting case. ECF No. 68. The Nevada Supreme Court affirmed Petitioner's conviction on March 18, 2011. Res. Ex. 78. Petitioner did not pursue a petition for writ of certiorari with the United States Supreme Court, and therefore, his conviction became final for purposes of applying the AEDPA statute of limitations on June 16, 2011. Petitioner filed a state postconviction habeas petition one hundred and fifty-eight (158) days later on

4

November 21, 2011, tolling the federal statute of limitations until remittitur issued in that state habeas appeal. Res. Ex. 82. Petitioner then had two hundred and seven (207) days from the issuance of remittitur to file a timely federal habeas petition based upon 28 U.S.C. § 2244(d)(1)(A). Remittitur issued on November 5, 2012, giving Petitioner until May 31, 2013 to file a timely federal habeas petition. Res. Ex. 106. Petitioner mailed his petition to this Court for filing on July 4, 2013. ECF No.7, p. 1. The petition is thus untimely under 28 U.S.C. § 2244(d)(1)(A).

### C. Equitable Tolling

Petitioner does not dispute that his federal petition is untimely but argues that he is entitled to equitable tolling of the statute of limitations due to both a mailing delay and a delay in getting his property, including most of his legal work. ECF No. 81, pp. 6-12; Pet. Ex. 14.[2] Petitioner asserts that when he was in federal custody in California, it took 28 days from the time that Petitioner handed his state postconviction petition to a correctional officer for mailing and the date that the Nevada state district received and filed it. ECF No. 81, p. 8; Pet. Ex. 14. His state petition was timely. He argues, however, that he is entitled to equitable tolling for that period of time, though he also acknowledges that even with 28-days' equitable tolling, his federal petition would still be untimely. *Id.*

Petitioner also argues that when he was subsequently transferred to federal custody in Pennsylvania, he lacked his legal materials, had difficulty accessing the prison's one computer with Lexis Nexis, and could not access state law because that that computer only provided access to federal law. Petitioner states the following in his declaration in support of the opposition to the Motion to Dismiss: (1) he wrote to an

---

[2] Petitioner's corrected Exhibit 14 is found at ECF No. 85-1.

5

attorney at the Lewisburg Prison Project multiple times; (2) he also wrote to a Nevada Department of Corrections caseworker at the Northern Nevada Department of Corrections for help, who answered him when she could; (3) his brother, who was incarcerated at High Desert State Prison, assisted him by sending him state-law cases; (3) he received the Nevada Supreme Court order affirming the denial of his state postconviction petition in October 2012, at which time he did not have any of his legal work; (4) he began repeatedly asking about the status of his property but did not receive majority of his legal work until March or April 2013; (5) he believed he "had a year from when [his] case ended to file a petition in federal court." Pet. Ex. 14. Petitioner mailed his federal habeas petition on July 4, 2013. Petitioner mailed his federal habeas petition on July 4, 2013 (ECF No. 7, p. 1).

Respondents first argue that Petitioner cannot overcome the extraordinary standard to receive equitable tolling based on him acknowledging that he was mistaken about his AEDPA filing deadline; this acknowledgement presents an insurmountable hurdle. ECF No. 87. Respondents also point out that any lack of access to Nevada state law would not have prevented Petitioner from timely filing a federal petition that asserted federal constitutional claims. They also note that Petitioner received the Nevada Supreme Court order affirming the denial of his state postconviction petition in October 2012, started receiving some of his legal work thereafter but no later than April 2013, and yet did not file a federal petition until July. *Id.*

The Court agrees that Petitioner has failed to meet the "very high" threshold required to trigger equitable tolling. *Miranda*, 292 F.3d at 1066. Respondents are correct that Petitioner was able to timely file and litigate his state postconviction petition while he was in federal custody and without access to Nevada state law. Petitioner has

6

also not demonstrated a causal relationship between an extraordinary circumstance and the lateness of his filing. The factual bases for Petitioner's federal claims were (1) within his own knowledge or (2) found within the Nevada Supreme Court order that he acknowledges he received about 8 months before he filed his federal petition. *E.g., Spitsyn*, 345 F.3d at 799.

The Court has carefully weighed the equitable tolling arguments here. However, the dispositive issue is that Petitioner admits that he thought that he had one year from the time his state habeas litigation concluded to file his federal petition. Pet. Ex. 14. Petitioner was simply mistaken about when the statute of limitations would expire. However, ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. A petitioner is not entitled to equitable tolling when his untimeliness is attributable to his own "oversight, miscalculation or negligence." *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Nor is a petitioner entitled to equitable tolling where the cause of his late filing is incorrect advice from some third party, including an attorney. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (noting that findings of equitable tolling are based on "wrongful conduct" that "actually prevented the prisoner from preparing or filing a timely petition;" *see also Rasberry* 448 F.3d at 1154. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling. The petition, therefore, is dismissed with prejudice as untimely.

### III.     Certificate of Appealability

This is a final order adverse to the Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of

7

appealability (COA).  Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id*.

Having reviewed its determinations and rulings in dismissing Petitioner's petition, the Court finds that none of those rulings meets the *Slack* standard.  The Court therefore declines to issue a certificate of appealability.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss the petition (ECF No. 76) is **GRANTED** as set forth in this order.  The petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.  All other motions are denied as moot.

DATED: September 25, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE